UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Alexandra Bright**, individually, and on behalf of all other persons similarly situated, known and unknown,<br><br>     Plaintiffs,<br><br>vs.<br><br>**1909 W25, LLC**, an Ohio corporation, and **Robert George**,<br><br>     Defendants. | No. _____<br><br>**CLASS ACTION & COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Alexandra Bright ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former employees who were paid less than minimum wage on account of receiving tips and by and through the undersigned attorneys, sues the Defendants, 1909 W25, LLC d/b/a TownHall ("Defendant TownHall") and Robert George and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. This lawsuit also arises under Ohio Revised Code Ann. § 4111.01 for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

3. Plaintiff brings this action on behalf of herself and all similarly-situated current and former employees of Defendants who were compensated at a rate of less than the applicable Ohio and federal minimum wage on account of receiving tips in a given workweek.

1

4. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage and overtime due and owing Plaintiff and others similarly-situated in violation of Ohio Revised Code § 4111.01.

6. Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

7. Additionally, Defendants' failure to compensate Plaintiff and all other non-exempt employees at a rate equal to Ohio's required minimum wage violates Ohio Revised Code § 4111.01. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Ohio wage laws. Members of the Rule 23 Class Action are referred to as the "Class Action Members."

8. The Collective Members are all current and former employees who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

9. The Class Action Members are all current and former employees who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

10. Defendants own and operate a bar and restaurant in the Ohio City neighborhood of Cleveland, Ohio that does business as TownHall and which is the subject of this lawsuit.

11. Defendants have a policy and practice of paying certain of their employees a sub-minimum hourly wages under the tip-credit provisions of the FLSA.

12. Defendants violated the FLSA by paying certain of its employees sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA, in violation of 29 U.S.C. § 203(m).

13. As a result of Defendants' failure to provide tip credit notice to Plaintiff and the Collective Members, Defendants paid Plaintiff and the Collective Members less than the applicable minimum wage, in violation of 29 U.S.C. § 206.

14. Defendants violated the FLSA by paying certain of its employees sub-minimum, tip-credit wages without allowing them to retain all of the tips they earned, in violation of 29 U.S.C. § 203(m).

15. Defendants violated the FLSA by paying certain of its employees sub-minimum, tip-credit wages while making improper deductions from their paychecks which brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

16. Defendants engaged in the regular practice of requiring Plaintiff and the Collective Members and the Class Action Members to perform labor each shift while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiff and the Collective Members and the Class Action Members were nearing 40 hours worked in any given workweek. In other words, this practice most commonly occurred to avoid paying Plaintiff, the Collective Members, and the Class Action Members overtime. During such time, Defendants did not record the time that Plaintiff, the Collective Members, and the Class Action Members worked, and Defendants did not compensate Plaintiff, the Collective Members, and the Class Action Members for such time that they worked. As such, Defendants' records of

the time that Plaintiff, the Collective Members, and the Class Action Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff, the Collective Members, and the Class Action Members to work.

17. By requiring Plaintiff and the Collective Members to work off-the-clock, Defendants violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

18. By requiring Plaintiff and the Class Action Members to work off-the-clock, Defendants violated both the minimum wage and overtime provisions of Ohio Revised Code Ann. § 4111.01.

## JURISDICTION AND VENUE

19. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Ohio law that are so related to Plaintiff's claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members, and the Class Action Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

22. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23. Plaintiff is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

24. Plaintiff was employed at Defendants' TownHall bar and restaurant, located at 1909 West 25th Street, Cleveland, Ohio 44113 from 2013 until approximately June 20, 2018. Plaintiff worked as a server and bartender, and was paid as a tipped employee, from approximately 2013 through approximately February 2018.

25. At all material times, Plaintiff was paid by Defendants as a tipped employee under the FLSA.

26. At all material times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

27. Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as **Exhibit A**.

28. At all material times, 1909 W25, LLC was a limited liability company duly licensed to transact business in the State of Ohio.

29. Defendant 1909 W25, LLC does business, has offices, and maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

30. At all material times, Defendant 1909 W25, LLC is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

31. Under the FLSA, Defendant 1909 W25, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant 1909 W25, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. Having acted in the interest of TownHall in relation to the company's employees, including Plaintiff and the Collective Members, Defendant 1909 W25, LLC is subject to liability under the FLSA.

32. At all material times, Defendant Robert George is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

33. Under the FLSA, Defendant Robert George is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Robert George had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. Having acted in the interest of TownHall in relation to the company's employees, including Plaintiff, Defendant Robert George is subject to liability under the FLSA.

34. At all material times, Defendant 1909 W25, LLC is Plaintiff's and the Class Action Members' "employer," as defined by Ohio Revised Code § 4111, *et seq*.

35. At all material times, Defendant Robert George is Plaintiff's and the Class Action Members' "employer," as defined by Ohio Revised Code § 4111, *et seq*.

6

## STATEMENT OF FACTS

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. At all material times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

38. At all material times, Plaintiff and the Class Action Members, in their work for Defendants, were employed by an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $150,000, exclusive of excise taxes at the retail level which are separately stated.

39. Defendants paid Plaintiff and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

40. Defendants paid their tipped employees–including Plaintiff and the Collective Members–sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA, in violation of 29 U.S.C. § 203(m).

41. Therefore, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

42. Defendants paid their tipped employees–including Plaintiff and the Collective Members–sub-minimum, tip-credit wages but did not allow them to retain all tips they earned, in violation of 29 U.S.C. § 203(m).

43. Defendants did not allow Plaintiff and the Collective Members to retain all tips they earned because they subjected Plaintiff and the Collective Members to their "late fees," which were fines Defendants imposed on its tipped employees who arrived late to work. Specifically, in the event a tipped employee arrived late to work, Defendants would require them to disgorge twenty dollars ($20) from their tips directly to Defendants. Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m).

44. Defendants violated the FLSA by paying certain of its employees sub-minimum, tip-credit wages while making improper deductions from their paychecks which brought their wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

45. Therefore, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

46. Specifically, Defendants engaged in the regular policy and practice of requiring Plaintiff and the Collective Members to reimburse Defendants for breakage, broken dishes, register shortages, and/or customer walkouts. Such policy and practice by Defendants resulted in Plaintiff's and the Collective Members' wages below the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

47. Defendants regularly required Plaintiff and the Collective Members to work off-the-clock. This was commonly, though not exclusively, required to prevent Plaintiff and the Collective Members from being clocked in for more than 40 hours in a given workweek. As a result, Defendants failed to pay Plaintiff and the Collective Members both minimum wage and overtime for hours worked.

48. Defendants regularly required Plaintiff and the Class Action Members to work off-the-clock. This was commonly, though not exclusively, required to prevent Plaintiff and the Class Action Members from being clocked in for more than 40 hours in a given workweek. As a result, Defendants failed to pay Plaintiff and the Class Action Members both minimum wage and overtime for hours worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

51. Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

52. Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years for Defendants who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

53. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA.

Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

54. Upon information and belief, Defendants have employed more than 50 tipped employees during the period relevant to this action.

55. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

56. Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

57. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff have been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## OHIO CLASS ACTION ALLEGATIONS

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Plaintiff brings her Ohio wage claims as a Rule 23 class action on behalf of the following Class Action Members:

**The Class Action Members are all of Defendants' current and former employees who were paid an hourly rate of less than the Ohio minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present</u>.**

60. <u>Numerosity</u>. The number of Class Action Members is believed to be over one hundred. This volume makes bringing the claims of each individual Class Action Member before this Court impracticable. Likewise, joining each individual Class Action Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Action Members will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Action Members and Defendants.

61. <u>Typicality</u>. Plaintiff's claims are typical of the Class Action Members because like the Class Action Members, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Action Members. Defendants regularly required Plaintiff and the Class Action Members to work off-the-clock. This was commonly, though not exclusively, required to prevent Plaintiff and the Class Action Members from being clocked in for more than 40 hours in a given workweek. As a result, Defendants failed to pay Plaintiff and the Class Action Members both minimum wage and overtime for hours worked.

62. As a result of such policy and practice by Defendants, Defendants violated the minimum and overtime wage provisions of Ohio Revised Code. § 4111.01.

63. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Action Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required

under Ohio law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Action Members she seeks to represent.

64. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

    a. Whether Defendants required Plaintiff and the Class Action Members to perform work off-the-clock;

    b. Whether Defendants failed to pay Plaintiff and the Class Action Members the minimum wage for all hours worked;

65. Common issues of law include, but are not limited to:

    a. Whether Defendants properly paid all minimum wages due and owing to Plaintiffs and the Class Action Members;

    b. Whether Defendants were entitled to impose a tip credit on the wages of Plaintiffs and the Class Action Members;

    c. Whether Plaintiff and the Class Action Members are entitled to compensatory damages;

    d. The proper measure of damages sustained by Plaintiff and the Class Action Members; and

    e. Whether Defendants' actions were "willful."

66. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Action Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all

parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

67. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Action Members are readily identifiable from Defendants' records.

68. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; (3) the burden is on each Defendant to accurately record hours worked by employees; and (4) the burden is on each Defendant to prove it properly imposed the tip credit upon its employees.

69. Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Class Action Members according to applicable Ohio laws.

70. <u>Nature of Notice to be Proposed</u>.  As to the Rule 23 Class Action Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice." Notice of the pendency and resolution of the action can be provided to the Class Action Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFF

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants did not inform Plaintiff and the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

73. As a result, Defendants were not entitled to take a tip credit against Plaintiff's and the Collective Member's minimum wages.

74. Defendants failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

75. As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

76. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Member the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

77. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Alexandra Bright, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### IMPROPER TIP RETENTION

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants did not inform Plaintiff and the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

80. As a result, Defendants were not entitled to take a tip credit against Plaintiff's and the Collective Member's minimum wages.

81. Defendants failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

82. As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

83. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Member the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum

wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

84. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Alexandra Bright, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT IMPROPER DEDUCTIONS FROM PAYCHECKS

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants engaged in the regular policy and practice of requiring Plaintiff and the Collective Members to reimburse Defendants for breakage, broken dishes, register shortages, and/or customer walkouts.

87. Such policy and practice by Defendants resulted in Plaintiff's and the Collective Members' wages below the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

88. Defendants therefore failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every

workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

89.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Member the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

90.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Alexandra Bright, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT FOUR: FAIR LABOR STANDARDS ACT
OFF-CLOCK LABOR & TIME SHAVING**

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.     Defendants engaged in the regular practice of requiring Plaintiff and the Collective Members to perform labor each shift while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiff or the Collective Members were nearing 40 hours worked in any given workweek. In other words, this practice

most commonly occurred to avoid paying Plaintiff and the Collective Members overtime. During such time, Defendants did not record the time that Plaintiff and the Collective Members worked, and Defendants did not compensate Plaintiffs and the Collective Members for such time that they worked.  As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff and the Collective Members to work.

93. By requiring Plaintiff and the Collective Members to work off-the-clock, Defendants violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

94. Defendants knew that – or acted with reckless disregard as to whether – requiring Plaintiff and the Collective Members to work off-the-clock, would violate federal law and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiff, Alexandra Bright, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FIVE: OHIO WAGE LAW
### OFF-CLOCK LABOR

95. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

18

96. Defendants engaged in the regular practice of requiring Plaintiff and the Class Action Members to perform labor each shift while not clocked in ("off-the-clock"). This practice most commonly occurred, though not exclusively, when Plaintiff or the Class Action Members were nearing 40 hours worked in any given workweek. In other words, this practice most commonly occurred to avoid paying Plaintiff and the Class Action Members overtime. During such time, Defendants did not record the time that Plaintiff and the Class Action Members worked, and Defendants did not compensate Plaintiff and the Class Action Members for such time that they worked. As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff and the Class Action Members to work.

97. By requiring Plaintiff and the Class Action Members to work off-the-clock, Defendants violated both the minimum wage and the overtime provisions of Ohio Revised Code § 4111.01.

98. Defendants knew that – or acted with reckless disregard as to whether – requiring Plaintiff and the Class Action Members to work off-the-clock, would violate federal law and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's and the Class Action Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiff, Alexandra Bright, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Action Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-

judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this March 12, 2019.

        BENDAU & BENDAU PLLC

        By: /s/ *Clifford P. Bendau, II*
        Clifford P. Bendau, II (OH No. 0089601)
        Christopher J. Bendau
        BENDAU & BENDAU PLLC
        P.O. Box 97066
        Phoenix, Arizona 85060
        Telephone AZ: (480) 382-5176
        Email: cliffordbendau@bendaulaw.com

        THE LAW OFFICES OF SIMON & SIMON

        By: /s/ *James L. Simon*
        James L. Simon (OH No. 0089483)
        6000 Freedom Square Dr.
        Independence, OH 44131
        Telephone: (216) 525-8890
        Facsimile: (216) 642-5814
        Email: jameslsimonlaw@yahoo.com