UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA BRIGHT, individually, and on behalf of all other persons similarly situated, known and unknown, | Case No. 1:19-cv-00543-SO |
| Plaintiffs, | JUDGE SOLOMON OLIVER, JR. |
| - v. - | |
| 1909 W25, LLC, *et al.,* | |
| Defendants. | |
| 1909 W25, LLC, *et al.*, | Case No. 1:20-cv-00459-SO |
| Plaintiffs, | JUDGE SOLOMON OLIVER, JR. |
| - v. - | |
| ALEXANDRA BRIGHT, | **ORDER OF DISMISSAL WITH PREJUDICE AND APPROVAL OF SETTLEMENT** |
| Defendant. | |

This matter is before the Court on the Parties' Joint Motion for Approval of Confidential Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Confidential Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approval of Settlement, and approves the Agreement and its Exhibits, the

proposed allocation and calculation of Individual Payments and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1. On March 12, 2019 Plaintiff Alexandra Bright commenced the FLSA Action on behalf of herself and all others similarly situated alleging that Defendants improperly took a tip credit, made improper deductions, failed to pay tipped employees for "off-the-clock" work and failed to pay tipped employees for whom Defendants took a tip credit the full minimum wage and overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and R.C. § 4111.01 et seq. (*Alexandra Bright, et al. v. 1909 W25, LLC, et al.*, Case No. 1:19-cv-00543). Defendants answered the complaint in the FLSA Action and denied any liability or wrongdoing of any kind.

2. On February 28, 2020, Defendants removed the Defamation Action to this Court. In the Defamation Action, 1909 W25, LLC and Robert George asserted that Alexandra Bright defamed them. Alexandra Bright denied those claims and filed a counterclaim alleging retaliation under the FLSA and Ohio law. Defendants denied those claims.

3. Between January and March 2020 the Parties engaged in informal yet comprehensive discovery as well as formal discovery regarding the Parties' claims and defenses to such claims.

4. In March 2020, the parties engaged in settlement negotiations and, thereafter, reached an agreement to settle both Actions on the terms set forth in the Confidential Settlement Agreement attached to the Parties' Joint Motion as Exhibit A. The proposed Settlement eliminates the time, cost, and uncertainty of further litigation.

5. The Settlement will cover the Representative Plaintiff and the eleven (11) Opt-In Party Plaintiffs identified in Appendix 1 of the Settlement ("Settlement Class" or "Class Members").

6. The Settlement Agreement provides that, in consideration of the Total Settlement Payment, the claims of the Representative Plaintiffs and Opt-In Party Plaintiffs in the FLSA Action and the claims of Defendants and Alexandra Bright in the Defamation Action are to be dismissed with prejudice, each Party to bear their own costs.

7. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiff's Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and Opt-In Party Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

8. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement.

9. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Confidential Settlement and Release an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments for the Class Members. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

10. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiff's Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

11. The Court dismisses the claims of the Representative Plaintiffs and Opt-In Party Plaintiffs in the FLSA Action and the claims of Defendants and Alexandra Bright in the Defamation Action, and enters final judgment dismissing both Actions, each Party to bear their own costs. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal With Prejudice and Approving Settlement immediately.

12. The Court retains jurisdiction over the Actions to enforce the terms of the Settlement, including the distribution process.

**IT IS SO ORDERED:**

Date: 5/26/2020  /s/ Solomon Oliver, Jr.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

**SO STIPULATED:**

| **BENDAU & BENDAU, PLLC** | **ZASHIN & RICH CO., L.P.A.** |
|---|---|
| /s/ *Clifford P. Bendau, II* | /s/ *Stephen S. Zashin* |
| Clifford P. Bendau, II (Ohio Bar # 0089601) | Stephen S. Zashin (Ohio Bar # 0064557) |
| cliffordbendau@bendaulaw.com | ssz@zrlaw.com |
| Christopher J. Bendau | Michele L. Jakubs (Ohio Bar # 0071037) |
| chris@bswages.com | mlj@zrlaw.com |
| P.O. Box 97066 | 950 Main Ave., 4th Floor |
| Phoenix, AZ 85060 | Cleveland, OH 44113 |
| T: 480/382-5176 | T: 216/696-4441 |
|  | F: 216/696-1618 |

**THE LAW OFFICES OF SIMON & SIMON**

**BRENNAN, MANNA & DIAMOND, LLC**

/s/ *Christopher B. Congeni*
Christopher B. Congeni (Ohio Bar # 0078160)

4

/s/ *James L. Simon*
James L. Simon (Ohio Bar # 0089483)
jameslsimonlaw@yahoo.com
6000 Freedom Square Drive
Independence, OH  44131
T:  216/525-8890
F:  216/642-5814

**Counsel for Alexandra Bright and Opt-In Party Plaintiffs**

cbcongeni@bmdllc.com
Richard L. Hillbrich (Ohio Bar # 0092143)
rlhilbrich@bmdllc.com
75 East Market Street
Akron, OH  44308
T:  330/253-5060
F:  330/253-1977

**Counsel for 1909 W25, LLC and Robert George**

5